1  CHRISTOPHER J. PASSARELLI, SBN 241174
   BRETT J. LEININGER, SBN 329579
2  DICKENSON, PEATMAN & FOGARTY
   1455 First Street, Ste. 301
3  Napa, California 94559
   Telephone: (707) 252-7122
4  Facsimile: (707) 255-6876

5  Attorneys for Plaintiff
   STEWART CELLARS LLC
6

7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10

11  STEWART CELLARS LLC,              CASE NO.

12          Plaintiff,               **COMPLAINT FOR:**

13      vs.                          1.  **Rescission of Contract;**
                                     2.  **Breach of Contract;**
14  WEST COAST WINE PARTNERS LLC,    3.  **Declaratory Relief;**
    BACAS HOLDING, LTD., and         4.  **Federal Trademark Infringement;**
15  DOES 1 – 20,                     5.  **Unfair Competition and False**
                                         **Designation of Origin;**
16          Defendants.              6.  **Common Law Trademark**
                                         **Infringement;**
17                                   7.  **Secondary Trademark Infringement;**
                                         **and**
18                                   8.  **California Unfair Business Practices.**

19
                                     **DEMAND FOR JURY TRIAL**
20

21

22          Plaintiff, Stewart Cellars LLC ("Stewart" or "Plaintiff"), for its complaint against

23  Defendants, West Coast Wine Partners LLC dba Madrone Estate at Valley of the Moon Winery

24  ("WCWP") and Bacas Holding, Ltd. ("Bacas") (WCWP and Bacas each a "Defendant," and

25  collectively, with all DOES, "Defendants"), alleges as follows:

26                            <u>**NATURE OF ACTION**</u>

27          1.      This is an action for rescission or breach of contract, federal and common law

28  trademark and trade name infringement, contributory and/or vicarious infringement, unfair

competition (15 U.S.C. § 1125(a)), and violation of the California Business Professions Code § 17200, *et seq.*, due to Defendants' willful use of a colorable imitation of Plaintiff's STEWART trademarks and trade name. Plaintiff seeks rescission of the Settlement Agreement dated September 4, 2018, or, in the alternative, damages for breach thereof, declaratory relief, damages to recompense Plaintiff for its losses due to trademark and trade name infringement, and preliminary and permanent injunctive relief restraining Defendants' infringement of Plaintiff's STEWART mark.

## THE PARTIES

2.      Plaintiff Stewart Cellars LLC is a California limited liability company with its principal place of business located at 6752 Washington Street, Yountville, CA 94599.

3.      Upon information and belief, Defendant West Coast Wine Partners, LLC, doing business as Madrone Estate at Valley of the Moon Winery, is a California limited liability company with its principal place of business located at 134 Church Street, Sonoma, CA 95476.

4.      Upon information and belief, Defendant Bacas Holding, Ltd. is a Canadian corporation with its principal place of business located at 3303 Boucherie Road, Kelowna, British Columbia, V1Z 2H3, Canada.

5.      Plaintiff is currently ignorant of the true names and capacities of the defendants sued herein as DOES 1 through 20, inclusive, and therefore sues said defendants by such fictitious names. Plaintiff will amend this complaint when the true names and capacities of said defendants have been ascertained. Plaintiff is informed and believes and based thereon alleges that said DOES, and each of them, are legally responsible in some manner for the events and happenings referred to herein, and proximately caused or contributed to the injuries and damages to Plaintiff as herein alleged.

6.      Upon information and belief, each and every defendant herein is or was the agent and/or employee of the remaining defendants and, in doing the things herein alleged, acted within the course and scope of said agency and employment.

## JURISDICTION AND VENUE

7.      This Court has subject matter jurisdiction over Plaintiff's claims under and

1  pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1131 and 1338(a), as the claims arise under the

2  federal Lanham Act, 15 U.S.C. § 1051, *et seq.* This Court also has pendent jurisdiction over

3  related claims herein in accordance with 28 U.S.C. § 1338(b) and supplemental jurisdiction over

4  any remaining claims pursuant to 28 U.S.C. § 1367(a).

5        8.     Upon information and belief, Defendants either directly or through their agents

6  transacted business in the State of California and within this judicial district, as more

7  specifically set forth below and otherwise expected or should reasonably have expected their

8  acts to have consequences in the State of California and within this judicial district.

9        9.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c), as

10  Defendants are doing business in this judicial district and therefore may be found in this district,

11  and/or as a substantial part of the events giving rise to the claims alleged herein occurred in this

12  district, and the infringement occurred in this judicial district.

13  **INTRADISTRICT ASSIGNMENT**

14        10.    Pursuant to Civil Local Rule 3-2(c), this is an intellectual property matter which

15  is to be assigned on a district-wide basis.

16  **ALLEGATIONS COMMON TO ALL CLAIMS**

17        11.    Plaintiff is the owner of the trademarks STEWART and STEWART TARTAN

18  for wine, as well as the owner of U.S. Trademark Registration No. 6,204,515 for STEWART

19  (the "STEWART Mark") and Registration No. 6,204,516 for STEWART TARTAN (the

20  "STEWART TARTAN Mark"), both for wine in International Class 33, and both issued on

21  November 24, 2020 (collectively, the "STEWART Marks"). Plaintiff has used the STEWART

22  Marks on and in association with wine since at least as early as March 2003, long before the

23  acts of Defendants alleged herein. Exhibit A is a true and correct copy of the registration

24  certificates for the STEWART Mark and the STEWART NOMAD Mark.

25        12.    Plaintiff is a family-operated winery that produces world-class wines in Napa

26  Valley and Sonoma that are sold and shipped throughout the United States. It offers a range of

27  wines that includes Chardonnay, Pinot Noir, and, most notably, Cabernet Sauvignon.

28        13.    Stewart's wines have garnered national attention for their quality and have been

favorably reviewed by respected wine critics and magazines. In 2018, three Stewart wines received 94 points from *Wine Enthusiast*. Among its current releases are a 93-point Sauvignon Blanc (*Wine Enthusiast*) and a 90-point Sonoma Mountain Chardonnay (*Wine Spectator*). Stewart's Yountville tasting room is a Napa Valley destination, noted in nationally-distributed publications like *Condé Nast Traveler* and the *New York Times*.

14.     As a result of the widespread promotion, distribution, and sale of STEWART wine, consumers across the country seek out Stewart's wine for their cellars. Plaintiff owns extremely valuable goodwill in its STEWART Marks, and the marks have extraordinary financial value to Plaintiff. Accordingly, Stewart vigorously enforces its trademark rights in STEWART.

15.     Upon information and belief, Defendant Bacas, doing business as "Stewart Family Estate," in conjunction with WCWP, owns or operates several wine brands sold in the United States, including its QUAILS' GATE, VALLEY OF THE MOON WINERY, LAKE SONOMA WINERY, and PLUME brands.

16.     In or around the end of 2016 or the beginning of 2017, Stewart learned that Defendants were using several marks that incorporated the term "STEWART" to market and sell wines in the United States. Among these marks were the STEWART FAMILY RESERVE designation (the "SFR Designation"), which appears on certain bottles of Defendants' wines; a "monogram" with an interlocking SF design ringed by the words STEWART FAMILY RESERVE (the "SFR Monogram," depicted in Fig. 1, below), which also appears on wine bottles; the STEWART FAMILY ESTATE logo, featuring an interlocking SF design with the words STEWART FAMILY ESTATES to the right (the "SFE Logo," depicted in Fig. 1, below),[1] which appears on Defendants' website and other marketing material; and the STEWART FAMILY ESTATES mark (the "STEWART FAMILY ESTATE Mark"), which appears on Defendants' website and in other marketing and corporate materials (the SFR Designation, SFR Monogram, SFE Logo, and the STEWART FAMILY ESTATE Mark,

---

[1] There have been several iterations of the Stewart Family Estates logo, but each has featured the interlocking SF and the words STEWART FAMILY ESTATES.

1     collectively, the "STEWART FAMILY Marks").

2

3

 

4

5

6

7     **Figure 1: The SFR Monogram (left) and the SFE Logo (right).**

8          17.    Upon information and belief, Defendants, or their predecessors, began using the

9   SFR Monogram on wine bottles imported and sold in the United States in or around 2007.

10          18.    Upon information and belief, Defendants' use of the other STEWART FAMILY

11   Marks in the United States began at some time subsequent to their use of the SFR Monogram.

12          19.    Defendants' adoption and/or use of the STEWART FAMILY Marks in

13   commerce was subsequent to Plaintiff's adoption and use of the STEWART Marks.

14          20.    On August 29, 2017, Plaintiff initiated a civil lawsuit against Defendant WCWP

15   in the United States District Court, Northern District of California,[2] asserting claims of federal

16   false designation of origin and unfair competition, common law trademark infringement,

17   violations of Cal. Bus. & Prof. Code § 17200, and common law unfair competition (the "Prior

18   Action"). The Parties settled that dispute on September 4, 2018, with the execution of a

19   confidential settlement agreement (the "Settlement Agreement"). In the Settlement Agreement,

20   Plaintiff agreed to dismiss its lawsuit in return for conditions on Defendants' use of

21   STEWART-formative marks. The parties released their then-existing claims against one

22   another, including claims of trademark infringement, but each party expressly reserved the right

23   to sue for alleged infringement occurring after the effective date of the Settlement Agreement.

24   Settlement Agreement, ¶ 11.c.

25          21.    With a few exceptions, the Settlement Agreement requires that Defendants cease

26   all use of STEWART-formative marks in connection with wines in the United States.

27   Defendants are permitted to continue using the SFR Designation and SFR Monogram on labels

28

---

[2] Northern District of California Case No. 5:17-cv-05018.

as "bottling designations," provided these marks are not used as the primary wine brands, but Defendants are restricted from using the SFE Logo, online or elsewhere.

22.     In or around August, 2020, Stewart learned that Defendants had failed to meet their obligations under the Settlement Agreement in several important respects. In violation of the Settlement Agreement, a "Contact Us" page on Defendants' website, www.sfewine.com, prominently features the SFE Logo, and the page title (shown on the page tab and in Google results) displays the STEWART FAMILY ESTATES Mark. Moreover, Defendants' website does not direct visitors to the landing page required by Section 4.b of the Settlement Agreement, which was intended to redirect U.S.-based site visitors to a site that does not contain any STEWART-formative marks. Moreover, Defendants' principals and employees—including those based in Napa and elsewhere in the North Bay Area, where Plaintiff is located—are actively using the STEWART FAMILY ESTATES Mark on their LinkedIn pages for networking and advertising purposes, creating a false association between Defendants' agents or employees and Plaintiff's business.

23.     On August 25, 2020, Stewart, through its counsel, sent formal notice to Defendants' counsel, pursuant to Section 12.b of the Settlement Agreement, alerting Defendants to the violations on Defendants' website, referring to past violations of a similar nature, and demanding that Defendants promptly "self-discover" and cure this and all similar violations residing on its website pages, and ensure that such online violations would no longer occur in the future. Defendants' counsel indicated that it would reach out to Defendants to cure the violation. On September 30, 2020, Plaintiff's counsel sent a second notice communication to Defendants' counsel, noting that the breaches had not been cured and providing a direct link to the aforementioned violations on Defendants' "Contact Us" page. Despite formal notice, follow-up communications, and over 200 days to cure, Defendants still have not cured these breaches as of the filing of this Complaint.

24.     Upon information and belief, since September 4, 2018, Defendants have sold and distributed, and continue to sell and distribute, wine using the STEWART FAMILY Marks and other STEWART-formative marks, to various consumers and retailers throughout the U.S., in

violation of the Settlement Agreement.

25. Defendants have essentially failed to perform in all material respects under the Settlement Agreement. Defendants' breaches perpetuate a likelihood of confusion between the parties' respective wines and undermine Plaintiff's trust and confidence that the parties can coexist in the U.S. market. These breaches are substantial and go to the very essence of the Settlement Agreement, entitling Plaintiff to rescission thereof.

26. The STEWART FAMILY Marks are confusingly similar to Plaintiff's STEWART and STEWART TARTAN word mark given (a) the similarities in style, content, and connotation of the marks, and (b) the identical goods—namely, wine—offered by both Defendants and Plaintiff under the marks.

27. Defendants' use of the STEWART FAMILY Marks and other STEWART-formative marks is likely to confuse consumers into believing that Defendants' STEWART FAMILY wine is affiliated with, associated with, connected to, or sponsored by Plaintiff and its STEWART wine, or that Plaintiff or Plaintiff's STEWART wine is affiliated with, associated with, connected to, or sponsored by Defendants and their STEWART FAMILY wines. Defendants will unjustly benefit from such associations.

28. Plaintiff will be further harmed as consumers will purchase the STEWART FAMILY wine believing it to be STEWART wine or to be affiliated with, associated with, connected to, or sponsored by Plaintiff, and thereby forego purchase of STEWART wine, resulting in loss of sales to Plaintiff from Defendant's unfair competition.

29. Defendants' use of the STEWART FAMILY Marks will also diminish the value of Plaintiff's STEWART Marks and endanger the ability of Plaintiff's STEWART Marks to serve as unique and distinctive source indicators for Plaintiff and Plaintiff's goods.

30. Unless restrained by this Court, Defendants will continue to unfairly compete with Plaintiff by using the STEWART FAMILY Marks, wherefore Plaintiff is without adequate remedy at law.

31. Upon information and belief, Defendants derived the STEWART FAMILY Marks directly from the STEWART Marks, without authorization, for the purpose of directly

1  competing with Plaintiff.

2  **FIRST CAUSE OF ACTION**

3  **(Rescission of Contract; Cal. Civil Code § 1689, *et seq.*)**

4  **(Against All Defendants)**

5  32.    Plaintiff incorporates the allegations of Paragraphs 1 through the immediately

6  preceding paragraph, inclusive, and the acts of Defendants asserted therein as if set forth in full

7  as part of this Cause of Action.

8  33.    The Settlement Agreement dated September 4, 2018, is a valid contract, binding

9  upon Plaintiff, WCWP, and Bacas.

10  34.    Plaintiff has performed all of its obligations under the Settlement Agreement,

11  and there are no conditions precedent to Defendants' performance that have not been met.

12  35.    Defendants' above-alleged actions, including, without limitation, Defendants'

13  failure to remove the SFE Logo and the STEWART FAMILY ESTATE Mark from their

14  website, constitute breach of the Settlement Agreement.

15  36.    Defendant's breach of the Settlement Agreement is so substantial that it goes to

16  the essence of the Settlement Agreement, such that the consideration obtained for Stewart's

17  obligations thereunder fails, in whole or in part, through no fault of Stewart's. Stewart is

18  therefore entitled to rescission of the contract, or, in the alternative, to damages for the breach.

19  37.    Plaintiff seeks damages, in an amount to be determined at trial, based upon the

20  rescission of the Settlement Agreement.

21  **SECOND CAUSE OF ACTION**

22  **(Breach of Contract)**

23  **(Against All Defendants)**

24  38.    Plaintiff incorporates the allegations of Paragraphs 1 through the immediately

25  preceding paragraph, inclusive, and the acts of Defendants asserted therein as if set forth in full

26  as part of this Cause of Action.

27  39.    Defendants' above-alleged breach of the contract has injured Plaintiff in an

28  amount to be proven at trial.

COMPLAINT; DEMAND                    8                    CASE NO.
FOR JURY TRIAL

40.     In the alternative to rescission of the contract, if the Court determines that Plaintiff's Complaint does not effect or Defendants' breaches do not warrant rescission of the Settlement Agreement, Plaintiff is entitled to damages for Defendants' breaches of the Settlement Agreement.

### THIRD CAUSE OF ACTION

**(Declaratory Relief; 28 U.S. Code §§ 2201 and 2202; Cal. Civ. Proc. § 1060)**

41.     Plaintiff incorporates the allegations of Paragraphs 1 through the immediately preceding paragraph, inclusive and the acts of Defendants asserted therein as if set forth in full as part of this Cause of Action.

42.     To the extent that Defendants deny that their conduct entitles Plaintiff to rescind the Settlement Agreement, there is an actual controversy between the parties as to the continuing validity of the Settlement Agreement.

43.     Plaintiff desires a judicial determination of the parties' respective rights, duties and obligations with respect to the matters alleged herein.

44.     A judicial determination is necessary and appropriate at this time under the circumstances in order that Plaintiff and Defendants may ascertain their rights under and with respect to all of the matters alleged herein.

45.     Accordingly, Plaintiff is entitled to declaratory relief as to the effectiveness of its rescission and as to its obligations under the Settlement Agreement.

### FOURTH CAUSE OF ACTION

**(Federal Trademark Infringement under 15 U.S.C. § 1114)**

**(Against All Defendants)**

46.     Plaintiff incorporates the allegations of Paragraphs 1 through the immediately preceding paragraph, inclusive and the acts of Defendants asserted therein as if set forth in full as part of this Cause of Action.

47.     Defendants' actions constitute use in commerce of a mark confusingly similar to Plaintiff's registered STEWART Mark, Reg. No. 6,204,515, and/or STEWART TARTAN Mark, Reg. No. 6,204,516, without Plaintiff's consent, in connection with the sale, offering for

sale, distribution, or advertising of goods in a manner that is likely to cause confusion among ordinary consumers as to the source, sponsorship, affiliation, or approval of the goods.

48.     Despite knowledge of Plaintiff's superior right, priority, and continued use of the STEWART Marks, Defendants nevertheless continue to produce, promote, distribute, offer for sale, and sell wine using the STEWART FAMILY Marks in U.S. commerce and within the State of California.

49.     Defendants' conduct constitutes trademark infringement in violation of 15 U.S.C. § 1114.

50.     Consumers are and will continue to be confused and misled to believe that the Defendants' STEWART FAMILY wine is affiliated with, associated with, connected to, or sponsored by Plaintiff or its STEWART wine, or alternatively, that Plaintiff's STEWART wine is affiliated with, associated with, connected to, or sponsored by Defendants or their STEWART FAMILY wine. Plaintiff is and will continue to be harmed by such confusion or reverse confusion, and Defendants have and will continue to unjustly benefit from such confusion or reverse confusion among consumers.

51.     Upon information and belief, Defendants' use of the STEWART FAMILY Marks has unjustly increased the profitability of Defendants' various wine brands to the detriment of Plaintiff and at no cost to Defendants.

52.     Upon information and belief, Plaintiff will be further harmed as consumers will purchase Defendants' wine branded with or marketed under the STEWART FAMILY Marks, believing it to be Plaintiff's wine and thereby forego purchase of the Plaintiff's goods, resulting in loss of sales to Plaintiff from Defendants' unfair competition.

53.     Defendants' continued infringing use of the confusingly similar STEWART FAMILY Marks has and will continue to harm Plaintiff financially by diminishing the value of Plaintiff's STEWART Marks and endangering the ability of Plaintiff's STEWART Marks to serve as unique and distinctive source indicators for Plaintiff and/or Plaintiff's goods.

54.     Plaintiff seeks damages for Defendants' acts of infringement occurring since the effective date of the Settlement Agreement.

55.     To the extent that this Court upholds Plaintiff's rescission of the Settlement Agreement, Plaintiff also reserves a right to seek an award of damages in connection with Defendants' infringement occurring since the date that Defendants first began using the STEWART FAMILY Marks in U.S. commerce.

56.     This case is an exceptional case entitling Plaintiff to treble damages and attorney's fees, and Defendant' conduct further entitles Plaintiff to punitive damages.

## FIFTH CAUSE OF ACTION

### (Federal Unfair Competition under 15 U.S.C. § 1125(a))

### (Against All Defendants)

57.     Plaintiff incorporates the allegations of Paragraphs 1 through the immediately preceding paragraph, inclusive, and the acts of Defendants asserted therein as if set forth in full as part of this Cause of Action.

58.     In violation of 15 U.S.C. § 1125(a), Defendants' use of the STEWART FAMILY Marks constitutes unfair competition through the use in commerce of a word, name or device, or false designation of origin, that is likely to cause confusion or mistake or to deceive as to affiliation, connection, or association of Defendants with Plaintiff, or as to the origin, sponsorship, or approval of the goods offered in connection therewith.

59.     Defendants knew, or should have known of Plaintiff's rights, and Defendants' unfair competition was knowing, willful, and deliberate, making this an exceptional case under 15 U.S.C. § 1117.

60.     Plaintiff has been, and will continue to be, damaged by such unfair competition in a manner and amount that cannot be fully measured or compensated in economic terms. Defendants' actions have damaged, and will continue to damage, Plaintiff's rights, reputation and goodwill and may discourage current and potential customers from dealing with Plaintiff. Such irreparable harm will continue unless Defendants' acts are restrained and/or enjoined during the pendency of this action and thereafter.

61.     Plaintiff seeks damages for unfair competition occurring since the effective date of the Settlement Agreement.

62.     To the extent that this Court upholds Plaintiff's rescission of the Settlement Agreement, Plaintiff also reserves a right to amend to seek an award of damages in connection with Defendants' unfair competition occurring since the date that Defendants first began using the STEWART FAMILY Marks in U.S. commerce.

63.     Plaintiff has been damaged by Defendants' actions in an amount to be proven at trial.

## SIXTH CAUSE OF ACTION

### (State and Federal Common Law Trademark Infringement)

### (Against All Defendants)

64.     Plaintiff incorporates the allegations of Paragraphs 1 through the immediately preceding paragraph, inclusive, and the acts of Defendants asserted therein as if set forth in full as part of this Cause of Action.

65.     Defendants' above-averred actions constitute trademark infringement, trade name infringement, passing off, false designation of origin and unfair competition in violation of the common law of the State of California and the United States of America.

66.     Plaintiff seeks damages for Defendants' acts of infringement occurring since the effective date of the Settlement Agreement.

67.     To the extent that this Court upholds Plaintiff's rescission of the Settlement Agreement, Plaintiff also reserves a right to amend to seek an award of damages in connection with Defendants' infringement occurring since the date that Defendants first began using the STEWART FAMILY Marks in U.S. commerce.

68.     Plaintiff has no adequate remedy at law for Defendants' above-stated wrongful acts and thus is entitled to injunctive relief.

## SEVENTH CAUSE OF ACTION

### (Contributory Trademark Infringement)

### (Against All Defendants)

69.     Plaintiff incorporates the allegations of Paragraphs 1 through the immediately preceding paragraph, inclusive, and the acts of Defendants asserted therein as if set forth in full

1    as part of this Cause of Action.

2           70.    Defendants' above-averred actions and, specifically, without limitation,

3    Defendants' knowledge, participation, direction, and/or inducement of an unauthorized use of

4    the STEWART FAMILY Marks in commerce to advertise, market, distribute and sell the

5    infringing STEWART FAMILY wine throughout the United States and the State of California

6    constitute contributory and/or vicarious trademark infringement in violation of federal law and

7    the common law of the State of California. Defendants each have the ability to control the

8    actions of one another, fund the advertising activities of one another, and derive a direct

9    financial benefit from the illegal acts of one another.

10          71.    Plaintiff seeks damages for Defendants' acts of infringement occurring since the

11   effective date of the Settlement Agreement.

12          72.    To the extent that this this Court upholds Plaintiff's rescission of the Settlement

13   Agreement, Plaintiff also reserves a right to amend to seek an award of damages in connection

14   with Defendants' infringement occurring since the date that Defendants first began using the

15   STEWART FAMILY Marks in U.S. commerce.

16          73.    The actions of Defendants will continue if not enjoined. Plaintiff has suffered

17   and continues to suffer damages in an amount to be proven at trial, consisting of, among others,

18   diminution of the value of and goodwill associated with the STEWART Marks and injury to

19   Plaintiff's business.

20                            **EIGHTH CAUSE OF ACTION**

21              **(Unfair Business Practices; Cal. Bus. & Prof. Code. § 17200)**

22          74.    Plaintiff incorporates the allegations of Paragraphs 1 through the immediately

23   preceding paragraph, inclusive, and the acts of Defendants asserted therein as if set forth in full

24   as part of this Cause of Action.

25          75.    Upon information and belief, Defendants' use of the STEWART FAMILY

26   Marks on wine products and advertising fosters a misperception among consumers and the

27   trade, that Defendants and Defendants' wine products share an origin with Plaintiff and

28   Plaintiff's STEWART-branded wine products.

76.     Upon information and belief, Defendants' aforesaid actions were and continue to be deliberate and willful.

77.     Defendants' actions, including use of the STEWART FAMILY Marks in commerce to advertise, market, and sell wine throughout the United States, constitute unlawful unfair or fraudulent business acts or practices, and unfair competition in violation of Cal. Bus. & Prof. Code § 17200 *et seq.*, and as a result Plaintiff has suffered and will continue to suffer damage to its business, reputation, and goodwill.

78.     Plaintiff seeks damages for Defendants' unfair competition occurring since the effective date of the Settlement Agreement.

79.     To the extent that this Court upholds Plaintiff's rescission of the Settlement Agreement, Plaintiff also reserves a right to seek an award of damages in connection with Defendants' unfair competition occurring since the date that Defendants first began using the STEWART FAMILY Marks in U.S. commerce.

80.     As a direct and proximate result of Defendants' willful and intentional actions, Plaintiff has suffered damages in an amount to be determined at trial, and, unless Defendants are restrained, Plaintiff will continue to suffer irreparable damage.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests that judgment be entered as follows:

1.     That the Settlement Agreement, dated September 4, 2018, be rescinded due to the failure, in whole or in part, of Defendants' consideration, in return for which Stewart dismissed the Prior Action and released Defendants for acts of infringement occurring prior to the Settlement Agreement;

2.     Alternatively, that Plaintiff be awarded damages for Defendants' breach of the Settlement Agreement.

3.     That Plaintiff is entitled to declaratory relief as to the effectiveness of its rescission of the Settlement Agreement and as to its obligations thereunder.

4.     That Defendants, their principals, partners, franchisees, agents, employees, licensees, affiliates, distributors, producers, any parent and subsidiary company,

attorneys and representatives and all those in privity with or acting under their direction and/or pursuant to their control, be preliminarily enjoined and restrained from directly or indirectly:

    (a)    Using the STEWART Marks or any confusingly similar mark, including the STEWART FAMILY Marks, in connection with the advertisement, promotion, distribution, offering for sale or selling of alcohol beverage products, or products or services related to alcohol beverage products;

    (b)    Performing any acts or using any trademarks, names, words, images, or phrases that are likely to cause confusion, to cause mistake, to deceive or otherwise mislead the trade or public into believing that Plaintiff and Defendants are one in the same, or are in some way connected, or that Plaintiff is a sponsor of Defendants, or that the goods of Defendants originate with Plaintiff, or that Defendants are a sponsor of Plaintiff, or that the goods of Plaintiff originate with Defendants, or any other acts which are likely to lead the trade or public to associate Defendants with Plaintiff, or Plaintiff with Defendants;

5. That Defendants be required to file with the Court, and serve on Plaintiff, a statement under oath evidencing compliance with any preliminary or permanent injunctive relief ordered by the Court within fourteen (14) days after the entry of such order of injunctive relief;

6. That Defendants, their principals, partners, franchisees, agents, employees, licensees, affiliates, distributors, producers, any parent and subsidiary companies, attorneys and representatives and all of those in privity with or acting under their direction and/or pursuant to their control, be required to deliver up for destruction all advertising, promotional materials, point of sale materials, labels, caps, neckers, packaging, and any other materials bearing the STEWART FAMILY Marks, together with all artwork, plates, molds, matrices, and other means and materials for making and reproducing the same;

7.  That Defendants be ordered to recall all infringing products bearing the STEWART FAMILY Marks in the marketplace from retailers;

8.  That Defendants be ordered to disgorge their wrongful profits or otherwise pay to Plaintiff monetary damages for the harm resulting from Defendants' infringement and other unlawful acts occurring after the effective date of the Settlement Agreement, including compensation for Defendants' unauthorized use of Plaintiff's trademarks, in an amount to be determined at trial;

9.  That Plaintiff's damages award be trebled and that Defendants be ordered to pay Plaintiff's attorneys' fees on the basis that this is an exceptional case;

10. That Plaintiff be awarded punitive damages as a result of Defendants' conduct;

11. That Defendants be ordered to pay Plaintiff the amount by which Defendants have been unjustly enriched, which amount is presently unknown and shall be determined at trial; and

12. That Plaintiff be granted such other and further relief as this Court shall deem just and equitable.

Dated: March 26, 2021

Respectfully submitted,

**DICKENSON, PEATMAN & FOGARTY**

By _____
    Christopher J. Passarelli

   1455 First Street, Ste. 301
   Napa, California  94559
   Telephone: 707-252-7122
   Facsimile: 707-255-6876

Attorneys for Plaintiff,
Stewart Cellars LLC

1

## DEMAND FOR JURY TRIAL

2

3        Plaintiff hereby requests a trial by jury in this matter.

4

5    Dated: March 26, 2021

6                                      Respectfully submitted,

7                                      DICKENSON, PEATMAN & FOGARTY

8

9
                                       By _____
10                                        Christopher J. Passarelli

11                                        1455 First Street, Ste. 301
                                          Napa, California  94559
12                                        Telephone: 707-252-7122
                                          Facsimile: 707-255-6876
13
                                          Attorneys for Plaintiff,
14                                        Stewart Cellars LLC

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

# United States of America

## United States Patent and Trademark Office

# STEWART

**Reg. No. 6,204,515**

**Registered Nov. 24, 2020**

**Int. Cl.: 33**

**Trademark**

**Principal Register**

Stewart Cellars, LLC (CALIFORNIA LIMITED LIABILITY COMPANY)
6752 Washington Street
Yountville, CALIFORNIA 94599

CLASS 33: Wine

FIRST USE 3-9-2003; IN COMMERCE 3-9-2003

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO
ANY PARTICULAR FONT STYLE, SIZE OR COLOR

SER. NO. 88-886,870, FILED 04-24-2020



Director of the United States
Patent and Trademark Office



# United States of America

## United States Patent and Trademark Office

# STEWART TARTAN

**Reg. No. 6,204,516**

**Registered Nov. 24, 2020**

**Int. Cl.: 33**

**Trademark**

**Principal Register**

Stewart Cellars, LLC  (CALIFORNIA LIMITED LIABILITY COMPANY)
6752 Washington Street
Yountville, CALIFORNIA 94599

CLASS 33: Wine

FIRST USE 9-26-2017; IN COMMERCE 9-26-2017

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT STYLE, SIZE OR COLOR

SER. NO. 88-886,885, FILED 04-24-2020



Director of the United States
Patent and Trademark Office

