UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEWART CELLARS LLC,<br><br>  Plaintiff,<br><br>  v.<br><br>WEST COAST WINE PARTNERS LLC, et al.,<br><br>  Defendants. | Case No. 21-cv-02153-PJH<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**<br><br>Re: Dkt. No. 23 |

The motion to dismiss of defendants West Coast Wine Partners, LLC ("WCWP"), and Bacas Holdings, Ltd., came on for hearing before this court on October 7, 2021. Plaintiff appeared through its counsel, Christopher Passarelli and Brett Leininger. Defendants appeared through their counsel, Kimberly Corcoran. Having read the papers filed by the parties and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby GRANTS defendant's motion to dismiss the first cause of action for rescission of contract.

This is a dispute between two winemaking families, one in Canada and the other in the United States. FAC ¶¶ 12, 13, 16. The last name of the two families is "Stewart" and both families use their name—to different degrees—in marketing and selling their wine. FAC ¶¶15, 22. In 2017, plaintiff brought a lawsuit against Defendant WCWP for, inter alia, common law trademark infringement, false designation of origin, and unfair competition. FAC ¶ 21. The parties executed a settlement agreement resolving that case on September 4, 2018. Dkt. 24, RJN Ex. A ("settlement agreement")).

In the instant case, plaintiff seeks rescission of the 2018 settlement agreement

1  based on the following three factual allegations: (1) defendants' use of a protected mark
2  on a Contact Us page on one of its websites, (2) defendants' failure to update its website
3  to include a landing page that asks the user where in the world he or she is located (to
4  account for the geographic scope of defendants' use of the name Stewart outside of the
5  U.S.), and (3) use of one of the agreed-on marks being used on one of defendants'
6  employee's LinkedIn page.  Defendants move to dismiss plaintiff's claim for rescission in
7  the instant motion.

8        The remedy of rescission "extinguishes the contract . . . , terminates further
9  liability, and restores the parties to their former positions by requiring them to return
10 whatever consideration they have received."  Sharabianlou v. Karp, 181 Cal.App.4th
11 1133, 1145 (2010).  Under California law, a party may rescind a contract if, in pertinent
12 part, "the consideration for the obligation of the rescinding party fails, in whole or in part,
13 through the fault of the party as to whom he rescinds," or [i]f the consideration for the
14 obligation of the rescinding party, before it is tendered to him, fails in a material respect
15 for any cause."  Cal. Civ. Code § 1689(b)(2),(4).  "[A] failure of consideration must be
16 'material,' or go to the 'essence' of the contract before rescission is appropriate."  Wyler,
17 85 Cal.App.3d at 403-04; see also t'Bear v. Forman, No. 17-CV-00796-JSC, 2020 WL
18 703888, at *18 (N.D. Cal. Feb. 12, 2020), appeal dismissed sub nom. t'Bear v. Forman,
19 No. 20-15619, 2020 WL 3815636 (9th Cir. June 26, 2020).

20       Here, the parties' nine-page settlement agreement includes prohibitions of the
21 each of the three activities noted above, but they are all noted within a larger scope of
22 commitments and prohibitions.  As defendant argues, these three items are relatively
23 small in importance compared to the agreement's larger sections on trademarks and
24 designations, domains, and labeling on wine bottles, for instance.  Plaintiff fails to plead
25 the materiality of these alleged breaches—these shortcomings are not sufficient to
26 constitute a failure of consideration that warrants a rescission of the contract.

27       Further, plaintiff's attempt to describe these alleged breaches as having occurred
28 soon after the execution of the agreement is unsupported by the allegations.  While

1  plaintiff alleges that the breaches identified in this case have been ongoing since the
2  execution of the settlement agreement in September 2018, plaintiff only gave defendant
3  notice of the breaches in August 2020 and September 2020, nearly two years later.  FAC
4  ¶¶ 24-25.  If these were alleged breaches were truly material, plaintiff should have
5  brought them to defendants' attention much sooner.
6       For the foregoing reasons, defendants' motion to dismiss plaintiff's claim for
7  rescission is GRANTED.  Defendants' request for judicial notice of the settlement
8  agreement (Dkt. 24) is GRANTED.  The court extends the deadline set at the hearing;
9  plaintiff may file a further amended complaint within 28 days from the date of this order.
10 **IT IS SO ORDERED.**
11 Dated: October 8, 2021

*/s/ Phyllis J. Hamilton*
PHYLLIS J. HAMILTON
United States District Judge